**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GLENDON D. STUBBS, individually, and on behalf of all others similarly situated,** : : : : | |
| **Plaintiff,** : : | **CIVIL ACTION** |
| : : | **NO. _____** |
| **v.** : : | **(Document Filed Electronically on** |
| **BOARDWALK 1000, LLC d/b/a HARD ROCK HOTEL AND CASINO ATLANTIC CITY,** : : : : : | **December 18, 2020)** |
| **Defendant.** : : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Glendon D. Stubbs ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Collective Action Complaint against Defendant Boardwalk 1000, LLC d/b/a Hard Rock Hotel and Casino Atlantic City ("Defendant"), and hereby states and alleges as follows:

## INTRODUCTION

1.     Plaintiff and all other similarly situated employees work or worked for Defendant, a casino located in Atlantic City, New Jersey.

2.     Pursuant to its casino-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.     In particular, Defendant failed to properly inform its tipped employees of the required tip credit provisions prior to paying a sub-minimum direct cash wage.

4.     Defendant's systemic violation of federal wage laws was willful.

5.     Plaintiff, individually and on behalf of all others similarly situated, brings this

lawsuit as a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed by Defendant.

## JURISDICTION AND VENUE

6.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.   This Court possesses subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district and Defendant is subject to personal jurisdiction in this district.

## PARTIES

8.     Plaintiff is an individual residing in Millville, New Jersey.

9.     From approximately May 2019 through September 2019, Plaintiff was employed by Defendant at its casino property located at 1000 Boardwalk, Atlantic City, New Jersey 08401. During his employment, Plaintiff worked as a Table Games Dealer, which is an hourly, non-exempt position.  Plaintiff's executed Consent to Join pursuant 29 U.S.C. 216(b) is attached hereto and incorporated herein as Exhibit A.

10.     Defendant is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in Atlantic City, New Jersey.

11.     At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees.

12.     At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope

of their employment with and for Defendant.

13.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the applicable limitations periods.

## OVERVIEW OF PLAINTIFF'S CLAIMS

### Defendant's Tip Credit Notice Violations

14.     Under the FLSA, an employer may, in certain circumstances, take a "tip credit" toward its federal minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m)(2).

15.     The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

*See* 29 C.F.R. § 531.59(b); *see also* U.S. Department of Labor, Wage and Hour Division, Fact Sheet #15:  Tipped Employees Under the Fair Labor Standards Act (FLSA).

16.     Defendant employs Plaintiff and other similarly situated tipped employees and pays

them a direct cash wage that is less than the FLSA's federal minimum wage ($7.25 per hour) but failed to notify them of the tip credit requirements of the FLSA prior to paying a sub-minimum direct cash wage.  Despite this violation of the FLSA's tip credit notice provisions, Defendant has taken a tip credit toward its obligations to pay the federal minimum wage to Plaintiff and other similarly situated tipped employees.  During the relevant time period, Plaintiff was paid a direct cash wage less than $7.25 per hour and Defendant improperly claimed a tip credit to bridge the gap between the direct cash wage and the required federal minimum wage.  Thus, during Plaintiff's employment, Defendant failed to properly compensate Plaintiff for all hours worked at a rate equal to at least the required federal minimum wage.

17.    Specifically, Plaintiff and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

18.    Likewise, when Defendant changes the amount of the tip credit it claims against its obligation to pay Plaintiff and other similarly situated employees the FLSA's required minimum wage, Defendant does not inform Plaintiff and other similarly situated employees of the change in the amount of the tip credit claimed, as is required and must be in writing.  *See* 29 CFR § 516.28(a)(3) ("The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week.").

19.     Defendant's FLSA violations alleged herein were willful in that Defendant either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the FLSA.

20.     As a result of Defendant's above-described FLSA violations, Plaintiff and other similarly situated employees are entitled to recover from Defendant during the applicable three-year limitations period the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required federal minimum wage), (2) an additional equal amount as liquidated damages, and (3) a reasonable attorneys' fee and costs of this action.

## COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings his FLSA claim arising out of Defendant's failure to comply with the FLSA's tip credit notice requirement, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective:

> All persons employed by Defendant during the relevant time period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant time period includes the three-year period prior to the filing of this Collection Action Complaint and extends forward to the present.  The collective as defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties and/or Order of the Court.

22.     Plaintiff's FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23.     Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from

Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action and their right to participate through U.S. Mail, email, text message and posting.

### ALLEGATIONS APPLICABLE TO THE FLSA CLAIM (COUNT I)

24.    At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

25.    The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

26.    Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.  At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

27.    During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

28.    During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

29.    Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

30.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  *See* 29 U.S.C. § 207(a).

31.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

32.     Plaintiff and all similarly situated employees are victims of uniform or substantially similarly compensation policies and practices.

33.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Collective Action Complaint to the present date because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.  Under principles of equitable tolling or as otherwise warranted under applicable law, the effective date of consents to join this action by similarly situated employees should be deemed retroactive to the date of Plaintiff's filing of this Collective Action Complaint or such other date as may be determined by the Court.

34.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

35.    As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### COUNT I - FLSA (Unpaid Minimum Wages)

**Arising Out of Defendant's Unlawful Tip Credit Notice Policy**

**(Brought Against Defendant by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

36.    Plaintiff, on behalf of himself and all others similarly situated, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

37.    Defendant violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

38.    Specifically, Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay a direct cash wage less than the federal minimum wage.

39.    In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this

section.

40.    Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  *See* 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

41.    As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and is not entitled to claim a tip credit, Defendant has willfully violated federal law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

42.    Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

43.    WHEREFORE, on Count I of this Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

      a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

      b.    Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

      c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

      d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

      e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

      f.    Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a jury trial on all the issues so triable.

## CERTIFICATION

It is hereby certified that, pursuant to L.Civ.R. 11.2, that to the best of Plaintiff's counsel's

knowledge, the matter in controversy is not presently the subject of any other action pending in

any court, or of any pending arbitration or administrative proceeding.

Dated:  December 18, 2020

s/ R. Andrew Santillo
**WINEBRAKE & SANTILLO, LLC**
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Telephone:    215-884-2491
Facsimile:     215-884-2492
Email:  asantillo@winebrakelaw.com
Email:  mgottesfeld@winebrakelaw.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, Esq.
*pro hac vice application forthcoming*
Alexander T. Ricke, Esq.
*pro hac vice application forthcoming*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    816-714-7100
Facsimile:     816-714-7101
Email:  hanson@stuevesiegel.com
Email:  ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, Esq.
*pro hac vice application forthcoming*
Michael J. Rahmberg, Esq.
*pro hac vice application forthcoming*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068

Telephone:    816-781-0002
Facsimile:     816-781-1984
Email:  ryan@mcclellandlawfirm.com
Email:  mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GLENDON D. STUBBS, individually, and on behalf of all others similarly situated,** | : : : | |
| **Plaintiff,** | : : | |
| **v.** | : : : | **CIVIL ACTION** |
| **BOARDWALK 1000, LLC d/b/a HARD ROCK HOTEL AND CASINO ATLANTIC CITY,** | : : : : | **NO. _____** |
| **Defendant.** | : : | |

### CONSENT TO JOIN
**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

     **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Defendant Boardwalk 1000, LLC d/b/a Hard Rock Hotel and Casino Atlantic City, and any other associated entities ("Defendants").  If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) for unpaid wages and/or overtime.  By joining this lawsuit, I designate the Named Plaintiff(s) as my representatives, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to the this lawsuit to the fullest extent permitted by law.  I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable.  For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP and McClelland Law Firm, P.C., and any other attorneys with whom they may associate.

09/28/2020

_____
Date

_____
Signature

Glendon D. Stubbs
_____
Full Legal Name (print)