IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENDON D. STUBBS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOARDWALK 1000, LLC d/b/a HARD ROCK HOTEL AND CASINO ATLANTIC CITY,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 1:20-cv-19798-RMB-KMW<br><br>(Document Filed Electronically on March 10, 2021) |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff Glendon D. Stubbs ("Plaintiff"), individually and on behalf of all others similarly situated, brings this First Amended Collective Action Complaint against Defendant Boardwalk 1000, LLC d/b/a Hard Rock Hotel and Casino Atlantic City ("Defendant"), and hereby states and alleges as follows:

**INTRODUCTION**

1. Plaintiff and all other similarly situated employees work or worked for Defendant, a casino located in Atlantic City, New Jersey.

2. Pursuant to its casino-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3. In particular, Defendant failed to properly inform its tipped employees of the required tip credit provisions prior to paying a sub-minimum direct cash wage.

4. Defendant's systemic violation of federal wage laws was willful.

5.Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed by Defendant.

## JURISDICTION AND VENUE

6.The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court possesses subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district and Defendant is subject to personal jurisdiction in this district.

## PARTIES

8.Plaintiff is an individual residing in Millville, New Jersey.

9.From approximately May 2019 through September 2019, Plaintiff was employed by Defendant at its casino property located at 1000 Boardwalk, Atlantic City, New Jersey 08401. During his employment, Plaintiff worked as a Table Games Dealer, which is an hourly, non-exempt position. Plaintiff's executed Consent to Join pursuant 29 U.S.C. 216(b) is attached as Exhibit A to his original Collective Action Complaint. *See* Doc. 1.

10.As a Table Games Dealer during the Summer of 2019, Plaintiff typically worked between 36 and 40 hours a week. However, Plaintiff remembers working overtime (as many as approximately 42 hours) during the workweek that included the July 4th holiday in July 2019.

11.Defendant is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in Atlantic City, New Jersey.

12. At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees.

13. At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

14. Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the applicable limitations periods.

## OVERVIEW OF PLAINTIFF'S CLAIMS

### Defendant's Tip Credit Notice Violations

15. Under the FLSA, an employer may, in certain circumstances, take a "tip credit" toward its federal minimum wage obligations for tipped employees. Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

16. The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to

any employee who has not been informed of these requirements in this section. *See* 29 C.F.R. § 531.59(b); *see also* U.S. Department of Labor, Wage and Hour Division, Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).

17. During the period of December 18, 2017 to the present, Defendant has employed individuals (such as Plaintiff) who it has classified as tipped employees and attempted to pay in accordance with 29 U.S.C. § 203(m)(2) by paying them a direct cash wage that is less than the FLSA's federal minimum wage of $7.25 per hour. For example, during Plaintiff's employment, Defendant paid him an hourly wage of approximately $5.30, resulting in a tip credit of $1.95 per hour (= $7.25/hr. – $5.30/hr.). However, Defendant failed to inform Plaintiff and the other individuals it attempted to pay in accordance with 29 U.S.C. § 203(m)(2) either orally or in writing of the FLSA's tip credit notice requirements. In addition, Defendant failed to notify Plaintiff that the tip credit would not apply to him or other tipped employees until they received notice from Defendant as required by 29 U.S.C. § 203(m)(2). Despite these violations of the FLSA's tip credit notice provisions, Defendant has taken a tip credit toward its obligations to pay the federal minimum wage to Plaintiff and other similarly situated tipped employees. During the relevant time period, Plaintiff was paid a direct cash wage less than $7.25 per hour and Defendant improperly claimed a tip credit to bridge the gap between the direct cash wage and the required federal minimum wage. Thus, during Plaintiff's employment, Defendant failed to properly compensate Plaintiff for all hours worked at a rate equal to at least the required federal minimum wage and when appropriate, overtime premium wages.

18. Specifically, Plaintiff and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by

4

the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

19. Defendant's FLSA violations alleged herein were willful in that Defendant either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the FLSA.

20. As a result of Defendant's above-described FLSA violations, Plaintiff and other similarly situated employees are entitled to recover from Defendant during the applicable three-year limitations period the amount of the sum of (1) the tip credit taken on regular minimum wages (*i.e.*, the difference between the direct cash wage and the required federal minimum wage for every hour worked); (2) the overtime premium for all hours worked over 40 in a workweek (*i.e.*, the difference between the direct cash wage and $10.875 per hour for each overtime hour); (3) an additional equal amount as liquidated damages; and (4) a reasonable attorneys' fee and costs of this action.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings his FLSA claim arising out of Defendant's failure to comply with the FLSA's tip credit notice requirement, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective:

> All persons employed by Defendant during the relevant time period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant time period includes the three-year period prior to the filing of this Collection Action Complaint and extends forward to the present. The collective as defined herein remains subject to change or modification based on, among other things, certification-related

discovery, agreement of the parties and/or Order of the Court.

22. Plaintiff's FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23. Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action and their right to participate through U.S. Mail, email, text message and posting.

## ALLEGATIONS APPLICABLE TO THE FLSA CLAIM (COUNT I)

24. At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

25. The FLSA regulates, among other things, the payment of minimum wage and overtime premium pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

26. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce. At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

27. During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

28. During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

29. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

30. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a).

31. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) apply here.

32. Plaintiff and all similarly situated employees are victims of uniform or substantially similarly compensation policies and practices.

33. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Collective Action Complaint (Doc. 1) to the present date because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA. Under principles of equitable tolling or as otherwise warranted under applicable law, the effective date of consents to join this action by similarly situated employees should be deemed retroactive to the date of Plaintiff's filing of this Collective Action Complaint or such other date as may be determined by the Court.

34. Defendant has acted neither in good faith nor with reasonable grounds to believe

that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

35. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT I - FLSA

### Arising Out of Defendant's Unlawful Tip Credit Notice Policy

**(Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

36. Plaintiff, on behalf of himself and all others similarly situated, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

37. Defendant violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek and, when appropriate, overtime premium wages.

38. Specifically, Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer

to pay a direct cash wage less than the federal minimum wage.

39. In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

40. Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  *See* 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

41. As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and is not entitled to claim a tip credit, Defendant has willfully violated federal law by failing and refusing to pay all minimum wages and, when appropriate, overtime premium wages due and owing to Plaintiff and all other similarly situated employees.

42. Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages and, when appropriate, overtime premium wages pursuant to the FLSA.

43. WHEREFORE, on Count I of this Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

  a.  Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

  b.  Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

  c.  Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

  d.  Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

  e.  Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

  f.  Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all the issues so triable.

## CERTIFICATION

It is hereby certified that, pursuant to L.Civ.R. 11.2, that to the best of Plaintiff's counsel's knowledge, the matter in controversy is not presently the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: March 10, 2021       s/ R. Andrew Santillo
                  **WINEBRAKE & SANTILLO, LLC**
                  R. Andrew Santillo, Esq. (NJ ID #025512004)
                  Mark J. Gottesfeld, Esq. (NJ ID #027652009)
                  Twining Office Center, Suite 211
                  715 Twining Road
                  Dresher, PA 19025
                  Telephone: 215-884-2491
                  Facsimile: 215-884-2492
                  Email: asantillo@winebrakelaw.com
                  Email: mgottesfeld@winebrakelaw.com

                  **STUEVE SIEGEL HANSON LLP**
                  George A. Hanson, Esq.

*pro hac vice application forthcoming*
Alexander T. Ricke, Esq.
*pro hac vice application forthcoming*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:   816-714-7100
Facsimile:    816-714-7101
Email:  hanson@stuevesiegel.com
Email:  ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, Esq.
*pro hac vice application forthcoming*
Michael J. Rahmberg, Esq.
*pro hac vice application forthcoming*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068
Telephone:   816-781-0002
Facsimile:    816-781-1984
Email:  ryan@mcclellandlawfirm.com
Email:  mrahmberg@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on March 10, 2021. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

s/ R. Andrew Santillo
R. Andrew Santillo (NJ ID #025512004)