IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLENDON D. STUBBS,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | NO. 1:20-cv-19798-RMB-EAP |
| : | |
| **BOARDWALK 1000, LLC d/b/a** : | |
| **HARD ROCK HOTEL AND** : | |
| **CASINO ATLANTIC CITY,** : | |
| : | |
| Defendant. : | |

## ORDER

AND NOW, this 7th day of December, 2022, upon consideration of Plaintiff's "Unopposed Motion for Approval of the Settlement" ("Motion"), see Doc. 55, the accompanying executed "Settlement Agreement and Release of Claims" for Plaintiff, see Docs. 55-1, the Declarations of Plaintiff's Counsel, see Docs. 55-2 and 55-3, the accompanying Memorandum of Law, see Doc. 55-4, and all other proceedings herein, it is hereby **ORDERED** that the individual settlement of this action on behalf of named Plaintiff Glendon Stubbs, which includes a claim under the Fair Labor Standards Act ("FLSA"),[1] is **APPROVED**.

Although the Third Circuit Court of Appeals has not addressed the issue, this

---

[1] 29 U.S.C. §§ 201, et seq.

1

Court generally reviews FLSA settlements to ensure that they represent "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."[2] Thus, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; and (2) is "fair and reasonable to the Plaintiff."[3] Here, the Court finds that these requirements are satisfied by the instant settlement, which provides Plaintiff with $10,000, has been publicly filed, does not contain any confidentiality provisions, and does not require the release of any non-wage or non-overtime claims.

Additionally, the settlement provides Plaintiff's lawyers with a total payment of $55,000.00. This total includes $53,182.83 in fees and $1,817.17 in expenses. The Court finds that the requested fees are reasonable and that the claimed expenses were necessarily incurred.

Accordingly, this action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over any disputes pertaining to the enforcement of the settlement.

**SO ORDERED**

**Judge Renee Marie Bumb**

---

[2] *Kessler v. Joarder Properties LLC*, 2019 U.S. Dist. LEXIS 83571, *6 (D.N.J. May 17, 2019) (Bumb, J.) (internal quotations omitted); *accord Chillogallo v. John Doe LLC*, 2018 U.S. Dist. LEXIS 170046, *3 (D.N.J. Oct. 1, 2018) (Bumb, J.).
[3] *See Chillogallo*, 2018 U.S. Dist. LEXIS 170046, at *3-4.